UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY CHARLES HOLMSETH, | ) ) ) |
| Plaintiff, | ) ) No. 3:22-cv-00912 |
| v. | ) ) JUDGE RICHARDSON |
| LEVI HENRY PAGE, et al., | ) ) ) |
| Defendants. | ) ) |

# ORDER

Plaintiff Timothy Charles Holmseth filed a Complaint that purportedly arises under the Racketeer Influenced and Corrupt Organizations Act against Defendants Levi Henry Page, Alexandria Hannelore Goddard, and twenty-five John Does. (Doc. No. 1.) Plaintiff also paid the civil filing fee. (Doc. No. 1-3.) As a threshold matter, Plaintiff must meet basic pleading requirements and comply with the Federal Rules of Civil Procedure. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *McNeil v. United States*, 508 U.S. 106, 113 (1993). Here, Plaintiff has not yet satisfied Federal Rule of Civil Procedure 8, which directs that a complaint must contain (1) a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(1), and factual allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The Complaint is a ninety-page amalgam of largely-unexplained exhibits and rambling narrative that is heavily-laden with irrelevant discussion, sweeping conspiracy theories, and personal attacks. In short, Plaintiff's allegations are insufficiently simple, concise, and direct, and they do not yet demonstrate a plausible right to relief against the named Defendants.

To proceed, Plaintiff **MUST** submit an Amended Complaint that includes simple, concise, and direct factual allegations sufficient to demonstrate a plausible, non-speculative right to relief

against Defendants. Plaintiff should avoid irrelevant discussions, conclusory statements, and personal attacks, and he should focus on providing, in an organized and understandable manner, the "who, what, where, when, why, and how" of events giving rise to his specific legal claim or claims against Defendants. The Court **MUST** receive the Amended Complaint within **30 DAYS** of the date this Order appears on the docket. Failure to respond or request an extension by the deadline may result in dismissal. Fed. R. Civ. P. 41(b). The Clerk **SHALL** mail Plaintiff a blank Complaint for a Civil Case (Pro Se 1).

    IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

2

Case 3:22-cv-00912   Document 4   Filed 11/14/22   Page 2 of 2 PageID #: 188