UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY CHARLES HOLMSETH, | ) )  ) |
| Plaintiff, | ) No. 3:22-cv-00912 ) |
| v. | ) JUDGE RICHARDSON |
| LEVI HENRY PAGE, et al., | ) ) ) |
| Defendants. | ) |

## **ORDER**

Plaintiff Timothy Charles Holmseth filed a rambling, ninety-page Complaint purportedly arising under the Racketeer Influenced and Corrupt Organizations Act. (Doc. No. 1.) The Court ordered Plaintiff to file an Amended Complaint that complies with Federal Rule of Civil Procedure 8(a). (Doc. No. 4.) The Court instructed Plaintiff that he must "submit an Amended Complaint that includes simple, concise, and direct factual allegations sufficient to demonstrate a plausible, non-speculative right to relief." *Id*. Furthermore, the Court directed Plaintiff to "avoid irrelevant discussions, conclusory statements, and personal attacks" and focus on providing factual allegations related to the claims "in an organized and understandable manner." *Id*.

Plaintiff filed an Amended Complaint that fails to comply with the Court's Order. (Doc. No. 7.) The sixty-page Amended Complaint does not contain "simple, concise, and direct" factual allegations. Rather, it remains a rambling, difficult-to-comprehend narrative that is "heavily-laden with irrelevant discussion, sweeping conspiracy theories, and personal attacks." (Doc. No. 4.) Because the Amended Complaint falls well short of demonstrating a plausible right to relief against Defendants, Plaintiff has not satisfied Rule 8(a).

In an abundance of caution, the Court will allow Plaintiff one final opportunity to comply with the Federal Rules. To proceed in this matter, Plaintiff **MUST** submit a Second Amended Complaint that that includes simple, concise, and direct factual allegations sufficient to demonstrate a plausible, non-speculative right to relief against Defendants. As the Court has previously stated: "Plaintiff should avoid irrelevant discussions, conclusory statements, and personal attacks, and he should focus on providing, in an organized and understandable manner, the 'who, what, where, when, why, and how' of events giving rise to his specific legal claim or claims against Defendants." (Doc. No. 4.) The Court **MUST** receive the Second Amended Complaint within **30 DAYS** of the date this Order appears on the docket. Failure to comply or request an extension by the deadline will result in dismissal. Fed. R. Civ. P. 41(b). The Clerk **SHALL** mail Plaintiff a blank Complaint for a Civil Case (Pro Se 1).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE